OZARK MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29969.   Promulgated April 29, 1931.

*Jesse I. Miller*, Esq., for the petitioner.
*W. R. Lansford*, Esq., for the respondent.

1360

OPINION.

TRUSSELL: The sweeping claims advanced in the petition in this case were waived by the petitioner at the hearing and a single issue was presented for decision. The petitioner claims that its inventory of March 31, 1921, should be revalued upon actual cost by the same method which was approved for prior years in *Ozark Mills, Inc.*, *supra*. At the hearing, counsel for the petitioner announced, with the oral approval of the respondent, that the parties are in agreement as to the net incomes for 1923, 1924, and 1925, and the only controversy relates to the net losses for 1921 and 1922, in that the parties do not agree as to the basis of valuation of the inventory of March 31, 1921. The deficiencies which are here under review are for the fiscal years ended March 31, 1924, and September 30, 1925, and the issue thus presented is within our jurisdiction, due to the statutory provision that a net loss for 1922 may be carried forward and applied against the net incomes of the two next succeeding taxable years.

The petitioner is engaged in the manufacture and sale of cotton yarn. During 1918, 1919, and 1920 it computed the value of its inventories by a method which reflected neither actual cost nor market value. However, its method of recording the cost of the identical raw cotton consumed in production was such that the value of the inventories at actual cost can be determined and in fact has been determined, for income tax purposes, in accordance with our decision in *Ozark Mills, Inc.*, *supra*. The evidence adduced at the hearing in the instant appeal shows that with respect to the petitioner the same practices prevailed in 1921 and 1922 as in the previous year, so that the original valuation of its inventories during

1921 and 1922 by the petitioner was neither at cost nor at market value, although from its records it was possible to compute the actual cost.

During the fiscal year 1921 the petitioner sold a relatively small quantity of yarn, but it produced in that year a relatively large quantity, with the result that it had on hand on March 31, 1921, an unusually large quantity of yarn. During the fiscal year 1922, the sales were relatively large, being greatly in excess of the yarn produced in 1922, and the valuation of the yarn in inventory on March 31, 1921, is of major effect upon a computation of the amount of gross profit realized in 1922. The so-called cost valuation of the inventory as computed by the respondent is much lower than the valuation now claimed as actual cost by the petitioner. A redetermination of the issue will decide whether net income resulted as determined by the respondent, or a comparatively large net loss was suffered in 1922, as claimed by the petitioner.

The parties have stipulated the true quantities and costs, which will enable a recomputation of the actual cost values of the inventories for March 31, 1921, and March 31, 1922. It further appears that the revaluations of said inventories made by the respondent upon intended cost do not in fact reflect the actual cost. But this does not dispose of the case, because of a contention of the respondent. The respondent now proposes that the inventory of March 31, 1921, as reported in the returns filed by the petitioner, should be allowed to remain unadjusted, on the theory that it was on the basis of the lower of cost or market, or at any event the petitioner has failed to prove exactly the basis. In support of this argument the respondent cites *Farmers Elevator & Exchange*, 10 B. T. A. 379, and *Albert's, Inc.*, 10 B. T. A. 1132, two cases in which we refused to make changes desired by the taxpayers because of a failure to put in evidence the necessary facts. These cases are not in point. In the instant case the respondent has rejected the returns as erroneous and has substituted his own valuations based upon so-called cost. Now the parties have stipulated facts and figures which enable a computation of true cost. We can not go back to a blind acceptance of the original inventories which we know are neither cost nor market.

The major point in the inventories of 1918, 1919, and 1920, was the preponderance of raw material. We are still without any evidence to show that the petitioner attempted to change its basis for its 1920 inventory to the lower of cost or market, or that all of its prior inventories had been valued on such basis. The petitioner is claiming the cost basis. We pointed out in *Ozark Mills, Inc., supra*, that in 1920 cost was lower than market. In determining the final

tax liability the 1920 inventory has been valued at actual cost. For 1923, 1924, and 1925 the parties are in agreement as to net income, and the inventories have been accepted as valued by the petitioner at cost. We are satisfied that the consistent use of the cost basis for all of the years, including 1921 and 1922, which are here under consideration, will result in a clear, and therefore satisfactory, reflection of income or of loss. Consideration of the facts which are before us in this case, after putting away from us presumptions proposed by the respondent which are unsupported by fact or even by probabilities, leads, we think, to the conclusion that the inventory of March 31, 1921, should be valued at actual cost determined in the same manner as authorized for the 1920 inventory. Furthermore, in computing the amount of the net loss for 1922 for the purpose of arriving at the deduction thereof allowable in 1924, consistency requires that the inventory of March 31, 1922, be also valued on the same basis of actual cost.

*Decision will be entered pursuant to Rule 50.*